UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61831-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

RBF TRUST, LLC, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motions to Dismiss (DE [170] and [171]) filed by Defendants Joao Pedro Fonseca and Paulo Fernando de Bastos. The Court will not recount the procedural history pertaining to these motions, other than to note that they are being construed as motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The motions are fully briefed and ripe for review. For the reasons discussed below, the motions are denied.

I.    INTRODUCTION

This action is brought by the Securities and Exchange Commission ("SEC") against Defendants Paulo Fernando De Bastos ("De Bastos"), Joao Pedro Fonseca ("Fonseca"), RBF Trust, LLC, a Florida company ("RBF Florida"), RBF Trust LLC, a Michigan company ("RBF Michigan"), D3 Gestion Immobiliere LLC, a Florida company ("D3 Florida"), and D3 Gestion Immobiliere LLC, a Michigan company ("D3 Michigan"). Default judgments have been entered against the corporate Defendants (DE [61] – [64]).

The SEC alleges that from 2016 to 2020, Defendants raised more than $40 million from hundreds of investors in connection with the sale and management of investment properties in Detroit, Michigan. (DE [1] ¶ 3) The Complaint alleges that Defendants

purported to sell properties to investors with promises and guarantees that Defendants would renovate and lease the properties to generate income. (DE [1], ¶ 5). The Complaint further alleges that Defendants did not own many of the properties they purported to sell, that the properties they did own were not renovated and lacked tenants, and that Defendants misappropriated the investor funds to their own use.

The Complaint charges violations of the registration provisions of Section 5(a) and (c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) and 77e(c) and violations of the anti-fraud provisions of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a) *et seq.,* and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"). Defendants seek judgment on the pleadings arguing that the Complaint fails to allege that the investment contracts sold by Defendants were securities under the Securities Act and the Exchange Act.

II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed, a party may move for judgment on the pleadings if no material facts remain at issue and the parties' dispute can be resolved on the pleadings and those facts of which the court can take judicial notice.  *See* Fed. R. Civ. P. 12(c); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss.  *See Hawthorne*, 140 F.3d at 1370.  Under Rule 12(b)(6), the defendant may seek to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v.*

2

*Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).

    III.    <u>DISCUSSION</u>

Defendants argue they are entitled to judgment in their favor because the Complaint fails to allege facts that would establish that the real estate contracts offered by Defendants qualify as securities. "Investment contracts" are securities. 15 U.S.C. § 77b(a)(1). "Courts have interpreted "investment contract" broadly to encompass many money-raising schemes." *Fedance v. Harris,* 1 F.4th 1278, 1287 (11th Cir. 2021). "An offering is an investment contract if there is (1) an investment of money, (2) in a common enterprise, (3) with the expectation of profits to come solely from the efforts of others." *Hodges v. Harrison*, 372 F. Supp. 3d 1342, 1348 (S.D. Fla. 2019) (citations omitted). *See also, SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-301 (1946); *SEC v. Unique Fin. Concepts, Inc.*, 196 F. 3d 1195, 1199 (11th Cir. 1999). Defendants argue there is no common enterprise or expectation of profits to come solely from the efforts of others.

Defendants argue that a common enterprise is not alleged because there was no pooling of funds or shared profits among the investors. But "the fact that an investor's return is independent of that of other investors in the scheme is not decisive." *Unique Fin. Concepts, Inc.,* 196 F.3d at 1199. Rather, "a common enterprise exists where the fortunes of the investor are interwoven with and dependent on the efforts and success of those seeking the investment or of third parties." *Id.* (quotations omitted). This "concept of vertical commonality," *id.,* is pled in the SEC's Complaint.

The SEC alleges that Defendants offered passive investments and the investors' returns would be generated "through the Defendants' expertise in real estate and their management and administrative roles." (DE [1] ¶ 39). Defendants promised to renovate

3

properties that would derive rental income for investors. *Id.* ¶¶ 40, 41. The investors' roles were limited to contributing funds and executing the investment contracts. *Id.* ¶ 43. Indeed, most of the investors resided in France and had no ability to manage U.S.-based investments. *Id.*

The Complaint does not allege any facts that would support the conclusion the investors intended to manage or use the real estate parcels; as such, this case differs from *United Housing Foundation, Inc. v. Forman,* 421 U.S. 837 (1975). In *Forman,* the investors were attracted solely by acquiring a place to live and, therefore, a common enterprise did not exist. *Id.* at 852. But in the present case, the Complaint alleges the opposite: Defendants are alleged to have sold investments in real property that would be renovated and managed by Defendants, resulting in passive rental income to the investors. This case meets the Eleventh Circuit's definition of "common enterprise."

Next, Defendants argue the contracts with the investors are in the form of real estate purchases with third-party management contracts, not investment contracts that rely solely on the efforts of others. "To determine whether a transaction satisfies the "expectation of profits" element, the Supreme Court has instructed us to examine if an investor is attracted solely by the prospects of a return on his investment, as opposed to when a purchaser is motivated by a desire to use or consume the item purchased." *Fedance*, 1 F.4th at 1288 (quotations omitted). The word "solely" is not interpreted restrictively. *SEC v. Merchant Capital, LLC,* 483 F.3d 747, 755 (11th Cir. 2007). A purchaser's "nominal involvement" with the business' operation will not remove an investment contract from coverage under the securities laws. "Rather, 'the focus is on the dependency of the investor on the entrepreneurial or managerial skills of a promoter or other party.'" *Id.* (quoting *Gordon v. Terry*, 684 F.2d 736, 741 (11th Cir.1982)).

4

The issue on a motion for judgment on the pleadings is whether the complaint states a claim. Defendants' arguments about the investors' involvement in management of the purchased real estate rely on matters outside the four corners of the Complaint. They are issues that can be raised at trial, but they do not support a judgment on the pleadings in favor of Defendants.

In sum, the Complaint's allegations, if proven, satisfy the requirement that Defendants sold investment contracts that are covered under the United States' securities laws. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Fonseca's Motion to Dismiss (DE [170]) and Defendant de Bastos' Motion to Dismiss (DE [171]) are **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of May 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF
and by US Mail to:

Paulo Fernando De Bastos, *pro se*
350 Chetin Du Pre Neuf
Apt. # 38118
La Rure D'Isere 38350
France

Paulo Fernando De Bastos, *pro se*
101 Route De Charmeil
Cusset, 0330
France

Joao Pedro Fonseca, *pro se*
2 lieudit «la Brosse»
03110 St. Didier La Foret
France