UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61831-CIV- SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

D3 GESTION IMMOBILIERE, LLC, ET AL.,

    Defendants.
_____/

**AMENDED FINAL DEFAULT JUDGMENT AGAINST DEFENDANT
<u>RBF TRUST LLC, A MICHIGAN COMPANY</u>**

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion to Amend Final Default Judgments against Corporate Defendants ("Motion") (DE [229]). The Court finds that good cause exists for the Court to grant the Commission's motion against Defendant RBF Trust LLC, a Michigan Company ("Defendant").[1] Based on the evidence presented and for the reasons set forth in the Motion, it is hereby

**ORDERED AND ADJUDGED** that the Commission's Motion (DE [229]) is **GRANTED** as follows:

**I. <u>INCORPORATION OF JUDGMENT</u>**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Court's Default Judgment of Permanent against Defendant entered on February 13, 2023 [DE 61] is hereby adopted and incorporated by reference with the same force and effect as if fully

---

[1] A form of this Order was submitted by the SEC with the consent of the Defendants. *See* (DE [229-3]). Only minor stylistic changes have been made.

1

set forth herein, and that the Defendant shall comply with all of the undertakings and agreements set forth therein.

## II. DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendant is jointly and severally liable with Defendants D3 Gestion Immobiliere LLC, a Michigan Company ("D3 Michigan"), D3 Gestion Immobiliere LLC, a Florida Company ("D3 Florida"), and RBF Trust LLC, a Florida Company ("RBF Florida") (collectively, the "Corporate Defendants") for disgorgement of $30,808,814.51, representing the amount of their ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,377,927.95, for a total of $32,186,742.46.  The Defendant is also liable for a civil penalty in the amount of $1,000,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

The Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; RBF Trust LLC, a Michigan Company as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall [it, he, she] further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.  RETENTION OF JURISDICTION

This Court shall retain jurisdiction over this matter and the Corporate Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstance.

## IV.  RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of December 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copy furnished counsel via CM/ECF